UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| ROBERT Z. WHIPPLE, III, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 3:21-CV-00002-DCLC-DCP |
| | ) |
| WESLEY LEATHAM et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on United States Magistrate Judge Debra C. Poplin's Report and Recommendation [Doc. 57]. A former federal inmate and a current state inmate, Plaintiff Robert Z. Whipple, III, is proceeding pro se in this action and brings claims under 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), against state and federal law-enforcement officers for alleged civil-rights violations stemming from a warrantless entry into his hotel room on March 7, 2020. [Verified Compl, Doc. 15, at 1–4]. These law-enforcement officers are agents of the Federal Bureau of Investigation, police officers of the Knoxville Police Department, and an unknown Assistant United States Attorney, all of whom allegedly had a part in the search of his hotel room and all of whom he sues in their official and individual capacities. [*Id.* at 1–2].

The warrantless search of his hotel room, and a subsequent warrantless search of his vehicle in the hotel's parking lot, had yielded evidence that ultimately led to his conviction in this Court for three counts of bank robbery, in violation of 18 U.S.C. § 2113(a). *See United States v. Whipple*, 92 F.4th 605, 607–10 (6th Cir. 2024); PSR ¶ 15, *United States v. Whipple*, No. 3:20-CR-00031-1-KAC-JEM (E.D. Tenn. Jan. 10, 2023), ECF No. 194 ("Several items

that the defendant used during the bank robberies were located in the defendant's hotel room and vehicle, including a distinctive red poncho, a woman's wig, a demand note, and $4,030 in United States currency."). Now, in filing suit under § 1983 and *Bivens*, Mr. Whipple requests the following compensatory and punitive damages:

- Each Defendant be held liable for $50,000 for the seizure of his person and violations of his civil rights, for a total of $600,000;

- Each Defendant be held jointly liable for $25,830 in damages for seizure of Plaintiff's Dodge ($25,000), his cash ($530), and his phone ($300); and

- Defendant Leatham, Defendant Gruhn, and the unknown Assistant United States Attorney each be held liable for punitive damages in the amount of $500,000 and that the remaining Defendants each be held liable in punitive damages for $100,000.

[Verified Compl. at 3–4].

Magistrate Judge Poplin has now screened Mr. Whipple's complaint under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, and she recommends the Court dismiss his official capacity claims against all Defendants because "a *Bivens* claim may not be asserted against a federal officer in his official capacity" and because Mr. Whipple does not allege that any governmental entity had an official custom or policy that caused the constitutional infringements of which he complains. [R. & R. at 7–8 (quoting *Berger v. Pierce*, 933 F.2d 393, 397 (6th Cir. 1991))]; *see Kentucky v. Graham*, 473 U.S. 159, 166 (1985) ("[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." (citation omitted)); *Spears v. Ruth*, 589 F.3d 249, 256 (6th Cir. 2009) (recognizing that a governmental entity is liable for injuries of constitutional magnitude "*only* when [they] resulted from an 'implementation of [the governmental entity's] official policies or established customs'" (quoting *Monell v. N.Y.C. Dep't of Soc. Servs.*, 436 U.S. 658, 709 (1978) (Powell, J., concurring))).

In addition, citing *Heck v. Humphrey*, 512 U.S. 477 (1994), Magistrate Judge Poplin recommends the Court dismiss Mr. Whipple's claims "[t]o the extent he claims any damages related to his conviction and sentence" because "his conviction has not been overturned." [R. & R. at 10]. In *Heck*, the Supreme Court held that a state prisoner cannot rely on § 1983[1] to allege that his conviction or sentence violated his constitutional rights unless "his conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 487 (citation omitted). None of these scenarios applies to Mr. Whipple, who unsuccessfully attempted to invalidate his conviction and sentence on direct appeal. *Whipple*, 92 F.4th at 607.

Magistrate Judge Poplin, though, recommends the Court allow Mr. Whipple's claims for damages from the seizures of his cellphone and cash to survive dismissal because with these claims, specifically, he does not seek to annul his conviction or sentence. [R. & R. at 10]; *see Harris v. Hon*, No. 2:16-CV-26, 2016 WL 1237476, at *3 (W.D. Mich. Mar. 30, 2016) (concluding that *Heck* did not bar a pro se plaintiff's claim for compensatory and punitive damages under § 1983 because he did not seek "release from prison" or "damages related to his conviction and confinement" but sought compensation for damages to his personal property after officers had broken down a door during their intrusion into his home).

As to Mr. Whipple's remaining claim—i.e., his claim that the officers violated his Fourth Amendment rights by unlawfully seizing his vehicle—Magistrate Judge Poplin

---

[1] The "*Heck* holding applies equally to an action brought under *Bivens*" so that a federal prisoner cannot bring a *Bivens* action until he demonstrates that his conviction has been "declared invalid or otherwise impugned as set forth in *Heck*." *Robinson v. Jones*, 142 F.3d 905, 907 (6th Cir.1998). In addition, courts analyze "*Bivens* and §1983 actions under the same legal principals, except for the requirement of federal action under *Bivens* and state action under § 1983." *Robertson v. Lucas*, 753 F.3d 606, 614 (6th Cir. 2014).

3

recommends the Court dismiss this claim. [R. & R. at 10–11]. She reasons that the Sixth Circuit, on direct appeal, determined that law enforcement's seizure of his vehicle did not violate the Fourth Amendment and that, therefore, he cannot state a plausible claim for relief under the Fourth Amendment. [*Id.*]; *see Whipple*, 92 F.4th at 607 (rejecting Mr. Whipple's argument that law enforcement "impermissibly seized his car" under the Fourth Amendment).

Mr. Whipple has not objected to Magistrate Judge Poplin's report and recommendation, and the deadline for the filing of objections has now lapsed. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Having carefully reviewed the record, the Court agrees with the magistrate judge's recommendation, and the Court therefore **ACCEPTS IN WHOLE** her report and recommendation under 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b). For the reasons in the report and recommendation—which the Court adopts and incorporates into this Order—and for the reasons in this Order, the Court **ORDERS** as follows:

1. Mr. Whipple's official-capacity claims are hereby **DISMISSED** under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A;

2. Mr. Whipple's claims for damages are hereby **DISMISSED** under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A to the extent he pursues damages related to his conviction or sentence;

3. Mr. Whipple's claim for damages related to the seizure of his vehicle is hereby **DISMISSED** under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A;

4. Mr. Whipple's claims for damages related to the seizure of his cellphone and cash survive screening under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, and Mr.

Whipple may proceed with those claims as they apply to Defendants in their individual capacities only;[2] and

5. The Clerk of Court is **DIRECTED** to mail service packets (blank summonses and USM 285 forms) to Mr. Whipple for each of the named Defendants. Mr. Whipple is **ORDERED** to complete the service packets and return them to the Clerk's Office within twenty-one days of his receipt of this Order. The Clerk of Court will then sign the summonses, seal them, and forward them to the United States Marshals Service for service of process. Mr. Whipple's failure to timely complete and return the service packets will result in the dismissal of this case without further notice. *See Gardner v. United States*, No. 97-5469, 1999 WL 232693, at *2 (6th Cir. Apr. 15, 1999) ("[A] court may properly dismiss a *pro se* litigant's case for failure to comply with the court's order where the court puts the *pro se* party on notice that failure to comply will result in dismissal." (citing *Harris v. Callwood*, 844 F.2d 1254, 1256 (6th Cir. 1997))).

**SO ORDERED:**

s/Clifton L. Corker<br>
United States District Judge

---

[2] The Court, in a prior order, previously granted Mr. Whipple's motion and application to proceed *in forma pauperis* and assessed the civil filing fee of $350.00. [Order, Doc. 22, at 3].

5

Case 3:21-cv-00002-DCLC-DCP  Document 67  Filed 04/14/25  Page 5 of 5  PageID #: 223