UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| ROBERT Z. WHIPPLE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 3:21-cv-2-DCLC-DCP |
| | ) |
| WESLEY LEATHAM, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

This case is before the Court pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is the Motion for Extension of Time [Doc. 90], filed by the United States on behalf of Defendants Brandon Stryker and Brandon Glover; Plaintiff's Motion to Ensure Proper Service [Doc. 96]; and Plaintiff's Motion to Ascertain Status of Process [Doc. 97]. For the reasons set forth below, the Court **GRANTS** the United States' motion [**Doc. 90**], **DENIES** Plaintiff's motion [**Doc. 96**], and **DENIES AS MOOT** Plaintiff's motion [**Doc. 97**].

Starting with the former motion, the United States submits that Defendants Stryker and Glover were Task Force Officers with the Federal Bureau of Investigation ("FBI") during the relevant times [Doc. 90 ¶ 1]. Given that, it asserts that Plaintiff must also serve the United States pursuant to Rule 4(i)(1) of the Federal Rules of Civil Procedure [*Id*. ¶ 2]. According to the United States, "To date, Plaintiff has made no effort to serve the United States with process in accordance with Fed. R. Civ. P. 4(i)(1)" [*Id*. ¶ 3]. It contends that under Rule 4(i)(4)(B), the Court must allow a reasonable extension [*Id*. ¶ 4]. The United States therefore "requests that the Court enter an order (a) requiring Plaintiff to effectuate service of process on the United States within thirty (30) days

from the entry of such order . . . (b) tolling Defendants' deadline for a response under Fed. R. Civ. P. 12(a)(3) such that the United States' response would be due 60 days after Plaintiff files proof of service on the Defendants in accordance with Fed. R. Civ. P. 4(l)" [*Id*. at 3].

Plaintiff filed a response to the motion, stating that he has no objection to the Court granting him an extension [Doc. 95]. But he does oppose any extension for Defendants to file their answer given that this case has already been delayed [*Id*. at 1].

With respect to Plaintiff's motion [Doc. 96], he requests that the Court direct the U.S. Marshals to (1) "personally serve any unserved but identified defendant[,]" (2) personally serve U.S. Attorney Francis M. Hamilton III pursuant to Fed. R. Civ. P. 4(i)(1)(A)(i); and (c) file and/or provide Plaintiff with all proofs of service" [Doc. 96 p. 1]. Plaintiff states that while the United States claims that he did not try to serve it, he "submitted completed service packets for all identified defendants, the clerk issued summons, and the clerk forwarded them to the [U.S. Marshals] for service" [*Id*.]. He has not received any proofs of service [*Id*.]. He notes that one Defendant remains unidentified but that he served a subpoena to learn the identity of that Defendant [*Id*.]. According to Plaintiff, "As a pro se prisoner plaintiff, [he is] entitled to service of process by officers of the Court pursuant to Fed. R. Civ. P. 4(c)(3)" [*Id*. at 2 (emphasis omitted)]. He asserts that he has taken reasonable steps to identify defendants and that he "checked the box to request service on the United States when [he] filled out Form USM-285 to the FBI-employed [D]efendants" [*Id*.]. In his latter motion [Doc. 97], he seeks a status update on service of process, and requests that the U.S. Marshals or the Clerk of Court mail him copies of the returned summonses [*Id*.].

Rule 4(i) of the Federal Rules of Civil Procedure explains how to serve the United States, its agencies, and its employees. Fed. R. Civ. P. 4(i)(1) & (3). It states:

> To serve a United States officer or employee sued in an individual capacity for an act or omission occurring in connection with duties performed on the United States' behalf (whether or not the officer or employee is also sued in an official capacity), a party must serve the United States and also serve the officer or employee under Rule 4(e), (f), or (g).

Fed. R. Civ. P. 4(i)(3). It further provides:

> **(1) *United States*.** To serve the United States, a party must:
>
> > **(A)(i)** deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought--or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk—or
> >
> > **(ii)** send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;
> >
> > **(B)** send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and
> >
> > **(C)** if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.

Fed. R. Civ. P. 4(i)(1)(A)–(B).

Plaintiff has not complied with the above requirements. *See* Fed. R. Civ. P. 4(i)(1) & (3). But Rule 4(i)(4)(B) states that "[t]he court must allow a party a reasonable time to cure its failure to . . . serve the United States under Rule 4(i)(3), if the party has served the United States officer or employee." Fed. R. Civ. P. 4(i)(4)(B); *see also* Fed. R. Civ. P. 4(m) (allowing extensions to serve based on a showing of good cause).

The Court therefore **GRANTS** Plaintiff an additional thirty days to serve the United States. While Plaintiff asks that the U.S. Marshals serve the United States Attorney General for the Eastern District of Tennessee, "[i]t is Plaintiff's responsibility to ensure that Defendant[s] are served with

3

summons and the Complaint." *Smiley v. Whisman*, No. 3:23-CV-00649, 2023 WL 7196414, at *3 (M.D. Tenn. Nov. 1, 2023). Part of this responsibility is completing service packets so that the U.S. Marshals can obtain service on behalf of Plaintiff. *See Hinds v. Bush*, No. 20-12032, 2023 WL 2154957, at *4 (E.D. Mich. Jan. 26, 2023) ("The Marshal Service must make reasonable efforts to serve defendants on behalf of pro se prisoners proceeding in forma pauperis."), *report and recommendation adopted*, No. 20-CV-12032, 2023 WL 2145478 (E.D. Mich. Feb. 21, 2023). Plaintiff **SHALL** serve the United States in accordance with Rule 4 of the Federal Rules of Civil Procedure within **thirty days (30) of entry** of this Order. The Court **DIRECTS** the Clerk's Office to mail four service packets (blank summonses and USM 285 forms) to Plaintiff. Plaintiff **SHALL** complete the service packets and return them to the Clerk's Office **within fourteen days** of his receipt of this Order. The Clerk of Court will then sign the summonses, seal them, and forward them to the United States Marshals Service for service of process.

The United States requests that the Court toll its deadline until "60 days after Plaintiff files proof of paper service on the Defendants in accordance with Fed. R. Civ. P. 4(*l*)." Rule 12(a)(2) states that federal defendants sued in their individual capacity have "60 days after service on the officer or employee or service on the United States attorney, whichever is later." Fed. R. Civ. P. 12(a)(3). The Court finds good cause to allow Defendants Stryker and Glover to respond to the Amended Complaint within 60 days once the U.S. Marshals file proof of service on behalf of Plaintiff.

Finally, Plaintiff seeks personal service of any unserved Defendants, but it appears the U.S. Marshals has served each named defendant [*See* Docs. 98, 98-1 to 98-9 and Doc. 99]. And several Defendants have filed an Answer [Doc. 92]. He also seeks copies of the proofs of service, including the subpoena he issued. The U.S. Marshals are responsible for sending Plaintiff copies

of these documents. The Court therefore denies these requests at this time. To the extent Plaintiff does not receive the copies, he may file a notice with the Court.

Based on the above, the Court **GRANTS** the Motion for Extension of Time [**Doc. 90**], **DENIES** Plaintiff's Motion to Ensure Proper Service [**Doc. 96**], and **DENIES AS MOOT** Plaintiff's Motion to Ascertain Status of Process [**Doc. 97**].

**IT IS SO ORDERED.**

ENTER:

Debra C. Poplin
United States Magistrate Judge