UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| ROBERT Z. WHIPPLE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:21-cv-2-DCLC-DCP |
| ) | |
| WESLEY LEATHAM, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This case is before the Court pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is Plaintiff's Motion to Compel Subpoena Compliance ("Motion to Compel") [Doc. 105] and Plaintiff's Second Motion for Early Discovery ("Second Motion") [Doc. 106]. For the reasons explained below, the Court **DENIES WITHOUT PREJUDIC**E Plaintiff's Motion to Compel [**Doc. 105**] and **GRANTS** Plaintiff's Second Motion [**Doc. 106**].

On July 8, 2025, the Court entered an order allowing Plaintiff to serve limited discovery to the United States Attorneys' Office ("USAO") so that he could identify the "Unknown AUSA" that he named as Defendant in his Amended Complaint [Doc. 88]. Plaintiff later served his subpoena, which sought, "The full name and address for service of the Assistant United States Attorney who consulted with Wesley Leatham and Neal Gruhn on 3-7-2020 regarding Plaintiff's warrantless arrest" [Doc. 89 p. 2].

On August 29, 2025, the United States Attorneys' Office responded [Doc. 105 pp. 2–3]. In relevant part, the letter states that "LaToyia Carpenter was the Assistant United States Attorney assigned on or about March 7, 2020[,] to the investigation and eventual prosecution of your

criminal conduct" [*Id*. at 3]. It further states, "Ms. Carpenter is no longer employed by the USAO or by the Department [of Justice], and the USAO does not have her current address" [*Id*.]. The letter submits:

> To the extent that your subpoena seeks specifically to identify the name of any AUSA who may have communicated with Wesley Leatham and/or Neal Gruhn on March 7, 2020, specifically 'regarding [your] warrantless arrest' as alleged in the Complaint, the USAO is currently without sufficient knowledge or information to respond, and contends that such a request is more properly made by discovery directed at the appropriate time to parties to this action, including Defendants Leatham and Gruhn.

[*Id*.].

The letter notes that to the extent Plaintiff adds Attorney Carpenter as a Defendant, "proper service . . . also necessitate[s] service on the United States in accordance with Fed. R. Civ. P. 4(i)" [*Id*.].

On September 15, 2025, Plaintiff filed the Motion to Compel [*Id*. at 1]. Specifically, he seeks "an order compelling the United States Attorney's Office . . . to provide LaToyia Carpenter's last known address in compliance with the subpoena" [*Id*. at 1]. He claims that he served the subpoena on the USAO and that it "responded with some boiler-plate objections, which are 'legally meaningless and amount to a waiver of an objection'" [*Id*. (citation omitted)]. According to Plaintiff, "The fact that Defendant Leatham consulted with an Uknown AUSA regarding a warrantless arrest of Plaintiff was voluntarily disclosed in FBI 302s and affidavits by [Defendant] Leatham" [*Id*. (citation omitted)].[1]

Later, Plaintiff filed a Second Motion [Doc. 106]. In this motion, he seeks "leave to conduct early discovery-specifically, to serve a single interrogatory on Defendants Leatham and Gruhn[,] asking them to provide the full name and last known address of the Assistant United States

---

[1] It appears that this motion is missing page(s).

2

Case 3:21-cv-00002-DCLC-DCP   Document 122   Filed 11/26/25   Page 2 of 4
PageID #: 463

Attorney who consulted with Leatham and Gruhn on 3-7-2020[,] regarding Plaintiff's warrantless arrest" [*Id*. at 1]. Plaintiff states that the "USAO tentatively identified the 'unknown AUSA[,]' but states 'the USAO is currently without sufficient knowledge or information to respond, and contends that such a request is more properly made by discovery directed at . . . Defendants Letham and Gruhn'" [*Id*. (alteration in original and citation omitted)]. Plaintiff claims that Defendants Leatham and Gruhn have been served [*Id*.].

Starting with the first motion, Plaintiff seeks an order compelling the USAO to provide LaToyia Carpenter's last known address. But it is not clear to the Court whether Plaintiff intends to name Defendant Carpenter as a Defendant in this case. To be sure, the USAO responded to the subpoena, identifying LaToyia Carpenter but noted that it does not have information on who Defendants Leatham and Gruhn consulted with prior to Plaintiff's arrest. Plaintiff now seeks additional discovery to determine the individual with whom Defendants Leatham and Gruhn consulted [*See* Doc. 106]. And in a later filing, he states that he "is actively taking steps to identify this Defendant" [Doc. 113 p. 1]. If Plaintiff does not intend to name LaToyia Carpenter as a Defendant, then Plaintiff has no need for her address. *See generally Picozzi v. Clark Cnty. Det. Ctr.*, No. 215CV00816JCMPAL, 2016 WL 6562941, at *4 (D. Nev. Nov. 2, 2016) ("Service will not be ordered for Nurse Amanda until a substitution occurs because Nurse Amanda is not a party to the case at this time."). The Court therefore **DENIES WITHOUT PREJUIDCE** Plaintiff's motion [**Doc. 105**].

Turning to the second motion, Plaintiff seeks to serve discovery on Defendants Leatham and Gruhn. As noted above, he seeks to serve discovery "asking them to provide the full name and last known address of the Assistant United States Attorney who consulted with [Defendants] Leatham and Gruhn on 3-7-2020 regarding Plaintiff's warrantless arrest" [Doc. 106 p. 1 (citation

omitted)]. For the same reasons as provided in the Court's Order [Doc. 88], the Court **GRANTS** this request. Plaintiff may serve limited discovery on the Defendants Leatham and Gruhn to determine the identity and address of the Unknown AUSA.[2] Plaintiff must attach a copy of this Order to his discovery request. The Court **DIRECTS** the Clerk's Office to send Plaintiff two blank subpoenas and two USM-285 forms. Plaintiff **SHALL** complete the subpoenas and the USM-285 forms and send them to the Clerk's Office. The Clerk's Office will then forward them to the Marshal Service for personal service.

**IT IS SO ORDERED.**

ENTER:

*Debra C. Poplin*
Debra C. Poplin
United States Magistrate Judge

---

[2] To the extent there are objections to Plaintiff's discovery request, the Court will consider them in due course. Further, to the extent these Defendants know the address of the Unknown AUSA, they may file it under seal. *See Picozzi v. Clark Cnty. Det. Ctr.*, No. 215CV00816J, 2016 WL 6562941, at *2 (D. Nev. Nov. 2, 2016) (directing certain information be filed under seal to "protect the confidential personal identification and location information of law enforcement personnel but provide the USM with the information needed for service").